NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTOPHER DEKRUIF, | : | |
| Plaintiff, | : | Civil Action No. 16-3603 (CCC) |
| v. | : | **MEMORANDUM OPINION** |
| ESSEX COUNTY CORRECTIONAL FACILITY, | : | |
| Defendant. | : | |

*Pro se* Plaintiff Christopher DeKruif, a prisoner at the Federal Correctional Institute, Hazelton in Bruceton Mills, West Virginia, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Because Plaintiff is a prisoner seeking redress from a governmental entity, at this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. It appearing:

1. Plaintiff's claims arise out of an incident that occurred on April 9, 2014, while he was incarcerated at the Essex County Correctional Facility ("ECCF"). (ECF No. 1 at 3.) Plaintiff asserts that he was placed at ECCF while awaiting extradition to Michigan. (*Id.*) Plaintiff further alleges that he was placed in the wrong cell by a prison guard, and that the inmate in that cell sexually assaulted Plaintiff, claiming to know Plaintiff's charges. (*Id.*) Plaintiff asserts that this amounted to a failure to protect by ECCF. (*Id.* at 2.)

2. A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

3. However, a county jail is not a "person" subject to suit under § 1983. *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) ("PCCF, [a correctional facility,] to the extent Boomer was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). As ECCF is the only party sued in the Complaint, pursuant to § 1915A, the Court must dismiss the Complaint for failure to state a claim for which relief may be granted.

4. Furthermore, Plaintiff's claims appear to be time-barred. Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims here. *Id.* Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or

default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Lagano*, 769 F.3d at 859.

5. Here, Plaintiff acknowledges the two-year statute of limitations. (ECF No. 1 at 3 ("I was told I had up to two years to press charges.").) However, despite admitting to knowledge of the limitations period, the Complaint, dated June 15, 2016, was not filed until June 20, 2016, even though the events detailed in the Complaint occurred on April 9, 2014. In the Complaint, Plaintiff does not explain why it was filed out-of-time. As such, the Court would also dismiss the Complaint as time-barred.

6. In the interest of justice, the Court will allow Plaintiff to amend the Complaint within thirty days from the date of entry of the accompanying Order. The amended complaint shall raise claims against the proper parties, that is, "persons" under § 1983, and shall also explain why tolling is warranted to excuse Plaintiff's lateness in filing the Complaint.

Date: October 24, 2016

Claire C. Cecchi, U.S.D.J.